UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL DENNER, | Case No. 2:21-cv-00309-TLN-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR HABEAS CORPUS BE DENIED |
| v. | |
| PATRICK EATON, | ECF No. 1 |
| Respondent. | |

Petitioner Joseph Michael Denner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He argues that his rights were violated when the trial court failed to instruct the jury that duress was a defense to aiding and abetting murder. I recommend denying the petition.

**Background**

Petitioner was charged with first degree murder (Pen. Code, § 187, subd. (a)) with a kidnapping special circumstance. ECF No. 10-1 at 18-19. He pled not guilty and proceeded to jury trial in San Joaquin Superior Court. ECF No. 10-3 at 6. He was acquitted of first-degree murder and the kidnapping special circumstance was found to be untrue, ECF No. 10-3 at 151, but the jury found him guilty of the lesser included offense of second degree murder (Pen. Code, § 189 (b)), and he was sentenced to 15 years to life. ECF No. 10-3 at 151 and ECF No. 10-4 at 68.

Petitioner raises three habeas claims, all related to the trial court's failure to instruct that duress was a defense to aiding and abetting murder. First, he argues that the failure to instruct deprived him of his right to present a defense. Second, he argues that the failure to instruct violated his due process rights. Third, he argues that his trial attorney's failure to request a jury instruction deprived him of effective assistance of counsel. The California Court of Appeal, in a reasoned opinion, rejected petitioner's view that duress was a defense to second degree murder. *See* ECF 10-11 at 8-10. The California Supreme Court summarily denied the subsequent petition for review. ECF No. 10-13.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See* 28 U.S.C. § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011). To decide a § 2254 petition, a federal court examines the decision of the last state court that issued a reasoned opinion on petitioner's habeas claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court reviews the state court's decision under the deferential standard of § 2254(d). Section 2254(d) precludes a federal court from granting habeas relief unless a state court's decision is (1) contrary to clearly established federal law, (2) a result of an unreasonable application of such law, or (3) based on an unreasonable determination of facts. *See* § 2254(d); *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). A state court's decision is contrary to clearly established federal law if it reaches a conclusion "opposite to" a holding of the United States Supreme Court or a conclusion that differs from the Supreme Court's precedent on "materially indistinguishable facts." *Soto v. Ryan*, 760 F.3d 947, 957 (9th Cir. 2014) (citation omitted). The state court's decision unreasonably applies clearly established federal law when the decision has "no reasonable basis." *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011). An unreasonable determination of facts occurs when a federal court is "convinced that an appellate panel, applying

the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir. 2016).  A federal habeas court has an obligation to consider arguments or theories that "could have supported a state court's decision." *See Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2557 (2018) (quoting *Richter*, 562 U.S. at 102).  One rule applies to all state prisoners' petitions adjudicated on the merits: the petitioner must show that the state court's decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.

Even when a state court does not explicitly address a petitioner's claims on the merits, a § 2254 petitioner must satisfy a demanding standard to obtain habeas relief.  When a state court gives no reason for denying a petitioner's habeas claim, a rebuttable presumption arises that the state court adjudicated the claim on the merits under § 2254(d).  *See Richter*, 562 U.S. at 99.  And a federal habeas court's obligation to consider arguments or theories that could support a state court's decision extends to state-court decisions that offer no reasoning at all.  *See Sexton*, 138 S. Ct. at 2557.

If obtaining habeas relief under § 2254 is difficult, "that is because it was meant to be." *Richter*, 562 U.S. at 102.  As the Supreme Court has put it, federal habeas review "disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Id.* at 103 (citation omitted).  Our habeas review authority serves as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (emphasis added).

**Analysis**

The only pertinent question is whether petitioner's rights were violated when the trial court declined to instruct that duress was a defense to aiding and abetting murder.  If the answer is no, then each of his claims must be denied.  A federal habeas petition can succeed only if the petitioner has been denied some federal right; federal habeas relief will not issue to resolve issues of state law.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (citing *Lewis v.*

*Jeffers,* 497 U.S. 764, 780 (1990)). Whether duress is an available defense to aiding and abetting murder under California law implicates no federal question; it is a question of state law that the California Court of Appeal decided unambiguously. *See* ECF No. 10-11 at 7-8.[1] The Supreme Court has repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal habeas court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67-68 and *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975)). Each of petitioner's claims must, therefore, be denied.

### Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, I recommend that the court decline to issue a certificate of appealability.

### Findings and Recommendations

The court should deny the petition for a writ of habeas corpus, ECF No. 1, and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of

---

[1] Petitioner may not convert this state claim into a federal one merely by alleging that it was a violation of his due process rights. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

4

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 16, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE